IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| BRIMSTONE NATURAL RESOURCES CO., an Oregon corporation; JOHN WEST, an individual; ROBERT STUMBO, an individual | Case No. 1:18-cv-01740-CL<br><br>**OPINION & ORDER** |
| Plaintiffs,<br>v. | |
| DAVID HAIGHT, an individual; STEPHEN WETMORE, individually and in his official capacity; DOUGLAS THACKERY, individually and in his official capacity; OREGON DEPARTMENT OF FORESTRY, a government agency; PETER DAUGHERTY, State Forester, Oregon Department of Forestry, in his official capacity; OREGON DEPARTMENT OF ENVIRONMENTAL QUALITY, a government agency; RICHARD WHITMAN, Director of the Oregon Department of Environmental Quality, in his official capacity; OREGON DEPARTMENT OF FISH AND WILDLIFE, a government agency; CURT MELCHER, Director of the Oregon Department of Fish and Wildlife, in his official capacity; DOES 1-10, individually and/or in their official capacities. | |
| Defendants. | |

CLARKE, Magistrate Judge.

This matter comes before the Court on a Motion to Dismiss (#52) filed by the defendants. A previous motion to dismiss (#26) was granted and the Second Amended Complaint was dismissed in its entirety. Plaintiffs filed a Third Amended Complaint (#49) alleging all of the same claims as the prior complaint, with two additional claims based on alleged violations of the First Amendment. Full consent to magistrate jurisdiction was entered on April 26, 2019 (#37).

For the reasons below, Defendants' motion (#52) is GRANTED in part and DENIED in part. Plaintiffs adequately state a claim for a Procedural Due Process violation and an Equal Protection claim. Plaintiffs' claim for violation of the First Amendment may proceed as well. All other claims are dismissed for the same reasons given in the Court's previous Opinion and Order (#48). Defendants have also filed a Request for Judicial Notice (#53). Plaintiffs do not contest the motion, and it is GRANTED.

## STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief may be granted. In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

Dismissal under Rule 12(b)(6) is proper "if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When evaluating a motion to dismiss, the court may first identify and strike allegations that are mere legal conclusions. *Id.* However, the court must accept allegations of fact as true and construe those allegations in the light most favorable to the non-moving party. *Id.*; *Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007) (internal citations omitted).

## BACKGROUND

The facts alleged in the Third Amended Complaint (#49) ("TAC") are substantially the same as were contained in the Second Amended Complaint. The Court thoroughly reviewed the alleged facts in the previous Order and will only summarize the pertinent facts here.

In order to conduct a gold mining operation as they envisioned it, Plaintiffs harvested 45 trees in the riparian management area of the Brimstone Property during the summer of 2013. They sold this timber commercially in violation of the Oregon Forest Practices Act (OFPA). The Oregon Department of Forestry (ODF) investigated the property in September 2013. ODF Forester Stephen Wetmore, a defendant in this case, issued citations (#13-SW022, #13-SW023, and #13-SW024; "2013 Repair Orders") requiring Plaintiffs to cease further harvesting operations and repair damage by replanting and maintaining new trees on the property. Plaintiffs requested an administrative hearing to contest the citations.

An administrative hearing was held on November 21, 2013. The Administrative Law Judge ("ALJ") concluded that Plaintiffs had failed to retain trees in the riparian management zone in violation of the OFPA. The ALJ also considered and ultimately rejected Plaintiffs' argument that the Mining Act of 1872 and the federal mining patent for Brimstone Property preempted the OFPA. The ALJ issued a Final Order affirming citations #13-SW023 and #13-

SW024, which required Plaintiffs to cease further violation and repair damages on the land by replanting approximately 500 trees and maintaining them for four years.

During the November hearing, defendant Wetmore indicated that Plaintiffs could avoid some of the 2013 Repair Order requirements if they submitted and gained approval for a Plan for Alternate Practice ("PFAP"). Plaintiffs allege that, in reliance on Mr. Wetmore's statements, they abandoned their appeal of the 2013 Repair Orders and pursued a PFAP. Plaintiffs met with Mr. Wetmore in May 2014, at which time Mr. Wetmore encouraged them to show reasonable progress toward conversion of the property by submitting a written PFAP application. Plaintiffs did not submit a written PFAP application until November 2014, more than twelve months after they learned of this option.

Plaintiffs allege that defendant ODF has constantly moved the bar in terms of the requirements to have the Plaintiffs' PFAP approved. For instance, requiring input on the plan from DoGMI, DEQ, ODFW, and Josephine County Planning Commission, even when those agencies stated they had no input to give. Plaintiffs claim that from 2014 through 2018, they repeatedly and with the assistance of counsel attempted to receive input and approval from the related agencies that ODF said were required. Plaintiffs claim they asked for examples of how a PFAP should be completed and defendants were unable to provide examples because "they had never required anyone else to complete a PFAP." Plaintiffs claim that in a telephone call during 2015, defendant Haight stated to Plaintiff West that he would prevent Plaintiffs from ever receiving approval to change the use of the properties from defendants ODFW.

Plaintiffs allege that Defendant Wetmore for Defendant ODF sent a letter to Josephine County on January 26, 2016, stating that (1) it did not have authority over mining operations and only had authority over the removal of trees prior to a change of use, (2) the riparian review

Page 4 – OPINION & ORDER

submitted to Defendant ODF by Josephine County had be approved by Josephine County, (3) approval of DEQ was still required, (4) the PFAP had expired on December 31, 2015, and Plaintiffs needed to start the process again, and (5) Defendant ODF was still reviewing options for enforcing the planting of trees. Defendant ODF also indicated that at some undetermined time it may no longer accept a PFAP from the Plaintiffs. On January 29, 2016, Defendant ODF issued an order to prohibit further operations by Plaintiff BNR until the Brimstone Property was reforested or a PFAP was approved ("Order to Prohibit").

On June 27, 2017, Defendant Thackery instructed Plaintiffs to submit a new PFAP. Defendant Thackery stated that the PFAP would have to be forwarded to "DEQ, DLCD, OPRD, ODFW, ODA and DSL and potentially other interested natural resource agencies for review" and would expire in twelve months if not approved, even though Plaintiffs were actively attempting to receive approval from multiple agencies in response to the original PFAP from 2014.

Plaintiffs allege that throughout the process of attempting to obtain a PFAP/change of use, Plaintiffs promptly followed the directions of Defendant ODF as to what was needed, but "the requirements were continually added to, changed, or the process was stuck in review." Plaintiffs claim they followed directions but were "repeatedly met with new enforcement actions and accusations of failure to comply with the repeatedly changing instructions."

Plaintiffs' Third Amended Complaint includes other allegations of interactions between the parties. Several alleged conflicts ultimately resolved or resulted in no further action from the entities. Others are ongoing, including a number of citations issued in 2016 related to a culvert placed on the Dog Creek Property in 2014. Plaintiffs allege that the appeals for those citations are still pending with the Oregon Court of Appeals. Litigation is also ongoing between Plaintiff BNR and Josephine County regarding the status of property divisions on the Brimstone and Dog

Creek properties. Plaintiffs allege that the number and frequency of these interactions demonstrate that they have been "targeted" by the defendants due to the Plaintiffs' outspoken opinions regarding the defendants' authority to regulate private landowners such as Plaintiffs.

## DISCUSSION

Plaintiffs allege the following claims: (1) retaliation in violation of the First Amendment; (2) preemption; (3) substantive due process; (4) the OFPA is void for vagueness; (5) constitutional contract infringement; (6) Procedural Due Process; (7) Equal Protection; (8) "as applied" taking. Plaintiffs' claims (9), (10), and (11) seek monetary damages for Plaintiffs' First Amendment, Procedural Due Process, and Equal Protection claims against defendants Thackery, Haight, Wetmore, and Does 1-10, in their individual capacities.

### I. Plaintiffs adequately state a claim for Procedural Due Process, Equal Protection, and First Amendment violations.

#### a. Plaintiffs sufficiently allege the Defendants created a "sham" PFAP process in violation of Procedural Due Process.

Plaintiffs' sixth and tenth claims sufficiently allege that Defendants created a "sham" PFAP application process that deprived Plaintiffs of their mining rights without due process. To establish a procedural due process violation, a plaintiff must demonstrate the deprivation of a protected liberty or property interest without adequate procedural safeguards. *Morrissey v. Brewer,* 408 U.S. 471, 481 (1972). Determining what constitutes "adequate procedural safeguards" requires consideration of the following factors: "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal

and administrative burdens that the additional or substitute procedural requirement would entail." *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976).

For purposes of this motion, the Court assumes without deciding that Plaintiffs have alleged a protectable property interest in mining their land in the manner they so desire. The parties have not addressed this issue, and the Court did not reach it in the previous Order.

Previously, the Court determined that Plaintiffs' due process claim failed because the procedural safeguards afforded to Plaintiffs, as alleged in the SAC, were adequate according to the *Matthews* test. In particular, the Court noted that because Plaintiffs abandoned their appeal of the 2013 Repair Order and the Order to Prohibit, there would be minimal value, if any, to having "additional" safeguards. However, upon review of the TAC, Plaintiffs make a distinction between the appeals of the Orders at issue, and the PFAP process itself.

Plaintiffs' alleged private interest is in their ability to mine their land as they wish, which they allege is being obstructed by the defendants' official action in not approving the Plaintiffs' PFAP process. Plaintiffs allege that the PFAP process has been constructed by the defendants to intentionally prevent the approval of Plaintiffs' PFAP application, thus the risk of an erroneous deprivation of their interest is high. The value of additional safeguards is high as well because, without it Plaintiffs are entirely prevented from using their land in the manner they so desire. Plaintiffs' allegations that others are routinely approved for PFAP's without difficulty satisfies the Government interest factor, as additional administrative burdens would be light if they are already applied to others.

The Courts finds that Plaintiffs' alleged facts adequately state a procedural due process claim based on the PFAP process. However, regardless of the statement of the defendant Wetmore, it is unclear whether an approved PFAP would cure the 2013 Repair Order and the

Order to Prohibit. It is entirely possible that the Plaintiffs' failure to pursue the appeals of those Orders is fatal to any recovery, especially as there is no indication that Plaintiffs' reliance on defendant Wetmore's statement was justifiable. However, these are issues to be addressed on summary judgment or at trial, not at a pleading stage. This claim may proceed. The corresponding claim against defendants in their individual capacities may proceed as well.

### b. Plaintiffs sufficiently allege a "class of one" equal protection claim based on the different treatment their PFAP application received compared to others similarly situated.

Plaintiffs' adequately allege that Defendants singled them out for intentional and arbitrary discrimination in violation the Equal Protection Clause. "[T]he first step in equal protection analysis is to identify the state's classification of groups." *Country Classic Dairies, Inc. v. Milk Control Bureau,* 847 F.2d 593, 596 (9th Cir. 1988). "[T]he groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified." *Thornton v. City of St. Helens,* 425 F.3d 1158, 1167 (9th Cir. 2005). An equal protection claim can also lie where a plaintiff can establish that he is a "class of one" in that he has been intentionally treated differently than others similarly situated, and there is no rational basis for the difference in treatment. *Hood Canal Sand and Gravel, LLC v. Brady,* 129 F. Supp. 3d 1118, 1125 (9th Cir. 2015).

In this case, Plaintiffs have sufficiently alleged that they have been treated differently than others similarly situated, i.e. others who wanted to change the use of a property from forestland to mining. Plaintiffs allege that they alone have been required to jump though numerous bureaucratic and administrative agency hoops, and ultimately have been prevented from making any progress with their PFAP application, while others have not been treated this way or subjected to so many requirements. They claim that the reason for the disparate

treatment is due to the Plaintiffs' outspoken opinions regarding regulations and the defendants' authority, which is not a rational basis. This claim may proceed, as well as the corresponding equal protection claim against defendants in their individual capacities.

### c. Plaintiffs' First Amendment retaliation claim is tenuously stated, but it may proceed based on the facts alleged.

Plaintiffs claim that the defendants targeted Plaintiffs' with numerous and frequent administrative enforcement actions due to Plaintiffs' outspoken opinions on issues regarding regulations and the defendants' authority to regulate citizens and their property. To state a First Amendment retaliation claim, a plaintiff must plausibly allege "that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016) (quoting *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006)). Plaintiffs do not state their claim in terms of the above standard, but the facts alleged in the TAC are sufficient to infer that Plaintiffs' opinions were constitutionally protected and that the "targeting" of Plaintiffs by the defendants' regulatory bodies and staff were motivated by those opinions. For the same reason, Plaintiffs' claim for first amendment retaliation alleged against defendants in their individual capacities may proceed as well.

Plaintiffs should note that, in order to ultimately "prevail on such a claim, a plaintiff must establish a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury.'" *Nieves v. Bartlett*, —— U.S. ——, 139 S. Ct. 1715, 1722 (2019) (quoting *Hartman v. Moore*, 547 U.S. 250, 259 (2006)). Specifically, a plaintiff must show that the defendant's retaliatory animus was "a 'but-for' cause, meaning that the adverse action against

the plaintiff would not have been taken absent the retaliatory motive." *Id.* (quoting *Hartman*, 547 U.S. at 260).

### d. Exhaustion of remedies is not required for these claims.

Exhaustion of state judicial or administrative remedies is not required for claims alleged under section 1983. *Patsy v. Bd. of Regents*, 457 U.S. 496, 500 (1982). Procedural Due Process, Equal Protection and retaliation under the First Amendment are all claims brought under section 1983. Therefore, these three claims may proceed.

### II. Plaintiffs' other claims fail to state a claim for the same reasons given in the Court's previous Order.

The Court's previous Order thoroughly discussed each of Plaintiffs' other claims. The amendments of the TAC have not cured the deficiencies of these claims, and they are dismissed for the same reasons.

### ORDER

For the reasons stated above, Defendants' motion (#52) is GRANTED in part and DENIED in part. Plaintiffs adequately state a claim for a Procedural Due Process violation and an Equal Protection claim. Plaintiffs' claim for violation of the First Amendment may proceed as well. The corresponding claims alleged against the defendants in their individual capacities may also proceed. All other claims are dismissed for the same reasons given in the Court's previous Opinion and Order (#48). Defendants have also filed a Request for Judicial Notice (#53). Plaintiffs do not contest the motion, and it is GRANTED.

IT IS SO ORDERED.

DATED this 15 day of January, 2020.

MARK D. CLARKE
United States Magistrate Judge