IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| BRIMSTONE NATURAL RESOURCES CO., an Oregon corporation; JOHN WEST, an individual; ROBERT STUMBO, an individual, | Case No. 1:18-cv-01740-CL |
| Plaintiffs, v. | **OPINION & ORDER** |
| DAVID HAIGHT, an individual, et al. | |
| Defendants. | |

CLARKE, Magistrate Judge.

Plaintiffs Brimstone Natural Resources Co., John West, and Robert Stumbo filed a "First Supplemental Complaint" on March 4, 2021, which defendants now move to dismiss (#85). For the reasons below, Defendants' motion is GRANTED.[1] Defendants have also filed a Request for Judicial Notice (#89). Plaintiffs do not contest the motion, and it is GRANTED.

## STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief may be granted. In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim

---

[1] The parties have entered full consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1) (*see* #37).

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

Dismissal under Rule 12(b)(6) is proper "if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When evaluating a motion to dismiss, the court may first identify and strike allegations that are mere legal conclusions. *Id.* However, the court must accept allegations of fact as true and construe those allegations in the light most favorable to the non-moving party. *Id.*; *Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007) (internal citations omitted).

In general, a court cannot consider any material outside the pleadings when ruling on a motion to dismiss unless the motion is treated as one for summary judgment and the parties are "given reasonable opportunity to present all materials made pertinent to such motion by Rule 56." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting Fed. R. Civ. P. 12(b)(6)). However, there are two exceptions to this rule. *Id.*

First, a court is not required to convert a motion to dismiss into a motion for summary judgment if it is merely considering "material which is properly submitted as part of the complaint." *Id.* (internal citations omitted). Such materials may include documents specifically referred to and relied upon in the complaint, so long as the authenticity of the documents is

uncontested. *Id.* Second, a court may take judicial notice of "matters of public record" under Federal Rule of Evidence 201. *Id.* at 689 (quoting *Mack v. South Bay Beer Distrib.*, 798 F.3d 1279, 1282 (9th Cir. 1986)). Rule 201 enables the court to take judicial notice of facts that are "not subject to reasonable dispute" because they are (1) "generally known within the trial court's territorial jurisdiction," or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). For instance, a court may take judicial notice of records and reports of administrative bodies. *See Anderson v. Holder*, 673 F.3d 1089 (9th Cir. 2012) (taking judicial notice of second appeal and merging it with earlier appeal).

## DISCUSSION

The background facts as alleged in the various operative complaints have been well-covered in previous Opinions and Orders. This Court has granted or partially granted two prior motions to dismiss (#26, #52) in this case, leaving Plaintiffs with three viable claims: a procedural due process claim, an equal protection claim, and a claim brought under the First Amendment (*see* #59). In Plaintiffs' response to this motion to dismiss, they clarify that their supplemental allegations purport to state two claims against an additional state agency, the Oregon Department of State Lands ("DSL"): a claim for retaliation for exercise of First Amendment speech and a class-of-one equal protection claim. The Court finds, as discussed below, that Plaintiffs' supplemental allegations fail to state a plausible claim for relief.

First, while the supplemental allegations claim that officials from DSL "took direction" from the current defendants, and Plaintiffs' response brief states that DSL effectively "took up the mantle" of the defendants' alleged vendetta against the Plaintiffs, there are no factual allegations supporting this conclusory assertion. At most, Plaintiffs allege that a DSL official, Brown, was told about the ongoing disputes with Plaintiffs and various state agencies, and this

made Brown suspect that there may be violations happening on another property as well. Brown then sent one of the plaintiffs, West, a Cease-and-Desist letter regarding violations of Oregon's removal and fill law on his Silver Creek Property.  This allegation fails to allege any illegal activity by current defendants or DSL.

Later, Plaintiffs allege, their attorney received as part of discovery a copy of an application for a search warrant that was never executed.  Plaintiffs claim that the application "contains a number of baseless assertions."  Plaintiffs claim that DSL "continued to pressure or threaten Plaintiff West to allow access despite of or because of the flawed search warrant." Though Plaintiffs attempt to claim that the unexecuted warrant indicates a nefarious purpose, the logical leap is simply too much.  The search warrant was never executed, and these allegations fail to state a claim against any of the officials at the Department of State Lands for which the Court may grant relief.

Moreover, the Court agrees with the defendants' assertion that Plaintiffs' attempt to establish a class-of-one equal protection claim as compared to anyone "seeking to mine on forestland" fails for being overbroad, but more importantly the allegations against DSL fail to state a claim for relief.  DSL's cease and desist order prohibits removal, filing, and alteration of certain amounts of material from waterways without a permit, but does not prohibit mining itself.

The Court is sympathetic to Plaintiffs, who have had more contact with and interference from state agencies and officials on their properties than they would like.  Plaintiffs clearly feel as though they are being targeted for enforcement activities due to their political and governmental beliefs and speech.  Nevertheless, the allegations in this case already stretch the pleading standards set by FRCP 12(b)(6), and the supplemental allegations simply fail to state a claim for relief.

**ORDER**

For the reasons stated above, the Defendants' Motion to Dismiss (#85) is GRANTED.

Defendants' unopposed Motion for Judicial Notice (#89) is also GRANTED.

IT IS SO ORDERED and DATED this __28__ day of April, 2021.

                                                              MARK D. CLARKE
                                                              United States Magistrate Judge