IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| BRIMSTONE NATURAL RESOURCES CO., an Oregon corporation; JOHN WEST, an individual; ROBERT STUMBO, an individual, | Case No. 1:18-cv-01740-CL<br><br>**OPINION & ORDER** |
| Plaintiffs,<br>v. | |
| DAVID HAIGHT, an individual, et al.<br><br>Defendants. | |

CLARKE, Magistrate Judge.

The case comes before the Court on Defendants' Motion for a Judgment on the Pleadings (#96) and Request for Judicial Notice (#97). For the reasons below, both motions are GRANTED.[1]

### JUDICIAL NOTICE

A court may take judicial notice of "matters of public record" under Federal Rule of Evidence 201. *Id.* at 689 (quoting *Mack v. South Bay Beer Distrib.*, 798 F.3d 1279, 1282 (9th

---

[1] The parties have entered full consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1) (*see* #37).

Page 1 – OPINION & ORDER

Cir. 1986)). Rule 201 enables the court to take judicial notice of facts that are "not subject to reasonable dispute" because they are (1) "generally known within the trial court's territorial jurisdiction," or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). For instance, a court may take judicial notice of records and reports of administrative bodies. *See Anderson v. Holder*, 673 F.3d 1089 (9th Cir. 2012) (taking judicial notice of second appeal and merging it with earlier appeal).

Defendants request that the Court take judicial notice of the following documents:

**Exhibit 109** –the Plan for Alternate Practice (PFAP) received by the Oregon Department of Forestry on or about November 26, 2014. Exhibit 109 is the PFAP that is referenced in the First Supplemental Complaint, and the previous complaints in this action.

**Exhibit 110** –the March 4, 2015 administrative denial of Exhibit 109 ("the Denial").

Defendants assert that the documents are public records received or created and maintained by the Oregon Department of Forestry (ODF) in the ordinary course of its regulatory duties. Plaintiffs do not contest their authenticity, nor do they dispute that they knew of the documents and their contents at the time they were created or issued. The Court concludes that these documents are both proper subjects for judicial notice. Defendants' Request for Judicial Notice (#97) is GRANTED.

## LEGAL STANDARD

FRCP 12(c) provides in that: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 n. 14 (9th Cir. 1989). The standard for assessing a Rule 12(c) motion is the same as the standard for a Rule 12(b)(6) motion to dismiss. *Enron Oil Trading & Trans. Co.*, 132 F.3d 526, 529 (9th Cir. 1997). In considering a motion for judgment

on the pleadings, a court must accept as true all material, well-pleaded allegations in the pleading and must construe those allegations in the light most favorable to the plaintiff. *Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir.1994). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). To assess the adequacy of a complaint, a court may first begin by identifying those pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678 (holding that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions*"); Chapman v. Pier 1 Imports*, 631 F.3d 939, 955 n.9 (9th Cir. 2011). The Court need not accept as true facts that are contradicted by facts subject to judicial notice under FRE 201(b), or by documents whose contents are cited in the complaint (even if not physically attached). *Tellabs v. Makor*, 551 U.S. 308, 322 (2007); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). In sum, a motion for a judgment on the pleadings may be granted where, taking the well-pleaded facts as true together with judicially noticed facts, the moving party is entitled to a judgment as a matter of law. *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir.1999).

## DISCUSSION

### a. Background

The background facts as alleged in the various operative complaints have been well-covered in previous Opinions and Orders. Plaintiffs contend that Defendants have unlawfully interfered with their ability to mine for gold by not approving a PFAP to change the use of land from forestland to mining, as well as through other alleged acts of retaliation. While Plaintiffs originally alleged numerous claims, following this Court's decisions on motions to dismiss, (#48,

#59, #93) only three alleged theories of liability remain: (1) Defendants violated Plaintiffs' 5th and 14th Amendment rights to procedural due process rights by depriving them of "constitutionally protected property rights and providing no reasonable notice or opportunity to be heard"; (2) Defendants violated Plaintiffs' equal protection rights by singling them out for intentional and arbitrary discrimination with respect to their PFAP because of personal animus; and (3) Defendants have retaliated against Plaintiffs in violation of the First Amendment because of "frequently stated views about regulation" and "expressed opposition to Defendants' authority."

The Court has previously found that two of Plaintiffs' three remaining claims are, at their core, based upon the allegations surrounding the PFAP process. *See Opinion and Order* (#59) ("The Court finds that Plaintiffs' alleged facts adequately state a procedural due process claim based on the PFAP process." "Plaintiffs allege that they alone have… have been prevented from making any progress with their PFAP application, while others have not been treated this way or subjected to so many requirements."). Plaintiffs contend that the PFAP application process has been a sham intended to waste their time and money, and ultimately, deny them the ability to mine at all. For instance, Plaintiffs allege the following: "From 2014 through 2018, Plaintiffs repeatedly, on a monthly basis, and with the assistance of counsel attempted to receive the input and approval [for the PFAP] from the related agencies that Defendant ODF said was required." FSC[2] ¶ 93. "On June 19, 2017, a representative of Defendant ODF informed Plaintiffs that Plaintiffs' PFAP had expired on March 6, 2015, and that a new one would need to be submitted to begin the process again." *Id.* at ¶ 102. "On June 27, 2017, Defendant Thackery instructed

---

[2] The First Supplemental Complaint (#84) ("FSC") is the operative complaint. All of the new claims and new defendants contained in the pleading were dismissed in the Court's Opinion and Order (#93), but the three viable claims, as discussed above, remain.

Plaintiffs to submit a new PFAP ... even though Plaintiffs were still actively attempting to receive approval from multiple agencies in response to the original PFAP from 2014." *Id.* at ¶ 103. "Throughout the process of attempting to obtain a PFAP/change of use, Plaintiffs promptly followed the directions of Defendant ODF as to what was needed, but the requirements were continually added to, changed, or the process was stuck in review. *Id.* at ¶ 104. Thus, the allegations clearly contemplate a scenario where no final decision was made regarding the PFAP, and the allegation that Defendants continued to drag out the process and move the goalposts is a crucial part of Plaintiffs' case.

### b. Contradictory facts are fatal to two of Plaintiffs' three remaining claims.

As shown by the judicially noticed Denial, Plaintiffs' PFAP application was not "stuck in review," for several years from 2014 to 2018, but was in fact denied on March 4, 2015. Exhibit 110 ("THIS LETTER CONSTITUTES DENIAL OF THE PLAN FOR ALTERNATE PRACTICE"). The Denial also states:

> If a request for hearing is not received by the agency within 30 days of the service of this notice, the operator, landowner, or timber owner affected by this order waives the right to a hearing under ORS chapter 183, except as provided in OAR 137-003-0670(3).
>
> This Denial will become a Final Order by default if:
>
> 1. You do not request a hearing within 30 days of service of this notice;
> 2. You request a hearing but then withdraw your request for a hearing;
> 3. You request a hearing, but then notify ODF or OAH that you will not appear; or
> 4. You request a hearing, but then fail to appear at any scheduled hearing[.]

*Id.* Plaintiffs do not allege that they requested a hearing within thirty days. Therefore, the Denial became a Final Order by default, as stated above. Plaintiffs do not allege that they pursued any appeal of this decision.

These newly recognized facts are fatal to Plaintiffs' claims for procedural due process and equal protection violations. Plaintiffs were indisputably given notice of the PFAP denial and an opportunity for a hearing but chose not to request one, thus undermining the crux of both claims that the PFAP process was fundamentally unfair.

Plaintiff's final remaining claim is a First Amendment retaliation claim, asserting that Defendants targeted Plaintiffs with enforcement actions due to Plaintiffs' outspoken opinions on issues regarding regulations and the Defendants' authority, or lack thereof. This claim was already tenuously stated, and, to the extent that it relies on the unfairness of the PFAP process, the Denial significantly undermines this claim as well. However, construing all remaining allegations in Plaintiffs' favor, there may be some small piece of this claim remaining. As noted in the Court's prior Order and Opinion (#59), to prevail on this claim, Plaintiffs must show that the defendant's retaliatory animus was a "but-for" cause of Plaintiffs' injury, meaning that the adverse action would not have been taken absent the retaliatory motive. This will be an up-hill climb at summary judgment, should Plaintiffs choose to continue pursuing this claim.

### c. Plaintiffs' PFAP-based claims are also barred by claim preclusion.

The doctrine of claim preclusion bars also bars the claims to the extent Plaintiffs allege that the PFAP should have been granted. Federal courts apply the appropriate state law of claim preclusion. *Noel v. Hall*, 341 F.3d 1148, 1160 (9th Cir. 2003); *see also Oregon-Columbia Brick Masons, Joint Apprenticeship Training Comm. v. Or. Bureau of Labor and Industries*, No. 02-1711-JE, 2003 WL 2573111 at *2 (D. Or. Sept. 18, 2003) ("A federal court will usually give

preclusive effect to a state administrative decision when a state court would itself give that administrative decision preclusive effect." (citing *Plaine v. McCabe*, 797 F.2d 713, 719 n.13 (9th Cir. 1986). Under Oregon law, claim preclusion applies to administrative proceedings. *Drews v. EBI Companies*, 310 Or. 134, 142 (1990).

*In B & K Livestock Auction, Inc. v. Oregon Dept. Environmental Quality*, the Oregon Department of Agriculture (ODA) took action against the plaintiff for violating the National Pollution Discharge Elimination System (NPDES) permitting requirements under the Clean Water Act. No. 3:12–cv–2085–PK, 2013 WL 3973880 \*\*3-4 (D. Or. July 31, 2013) (*"B&K"*). This resulted in several administrative proceedings and entry of final orders against the plaintiff, including civil penalties. *Id*. The plaintiff did not seek judicial review under the Oregon Administrative Procedures Act but instead sued ODA in federal court alleging that Oregon had not received proper authority from the EPA to administer its NPDES permitting regime. *Id*. at \*1. Citing *Drews*, the court in *B&K* held that the plaintiff's claim was barred by claim preclusion because that claim "could have been litigated as a defense in the earlier state administrative proceedings." *Id*. at \*2. *See also Kolander v. Weeks*, 916 F.Supp.1042, 1046 (D. Or. Jan. 26, 1996) ("Where opportunity for judicial review is available, a party's failure to seek that review will not prevent the application of preclusion.") (internal citation omitted).

Similarly, in this case, Plaintiffs did not seek judicial review of the PFAP Denial, but instead attempted to litigate their disputes with the Defendants here in federal court. Plaintiffs' concerns with the fairness of Defendants' conduct regarding the PFAP process should have been raised at a hearing or on an appeal of the PFAP Denial itself. Having failed to request a hearing to contest the PFAP Denial and having failed to pursue any appeal of the final decision that

Page 7 – OPINION & ORDER

resulted from the failure to request a hearing, Plaintiffs cannot now collaterally attack that decision in federal court. Therefore, these claims are barred by claim preclusion.

## ORDER

For the reasons stated above, the Defendants' Motion for a Judgment on the Pleadings (#96) and unopposed Motion for Judicial Notice (#97) are both GRANTED. Plaintiffs may proceed with their First Amendment retaliation claim only.

IT IS SO ORDERED and DATED this 22 day of July, 2021.

_____
MARK D. CLARKE
United States Magistrate Judge